UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **DENICO ADAMS,** <br><br> Defendant. | 2:18-CR-20641-TGB-APP-6 <br><br> **ORDER DENYING MOTIONS TO CORRECT SENTENCE (ECF 313), FOR A NEW TRIAL (ECF 316), TO APPOINT COUNSEL (ECF 349), AND FOR RELEASE PENDING APPEAL (ECF 346)** |

Before the Court is Adams's Motion to Correct Sentence Errors (ECF No. 313) and his Motion for a New Trial (ECF No. 316). For the reasons explained below, these motions are **DENIED**.

**I.    Background**

After pleading guilty to one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349, Denico Adams was sentenced to 48 months' imprisonment followed by 2 years' supervised release. He was also ordered to pay $1,939,476.80 in restitution, jointly and severally with his co-defendants, and a $100 special assessment.

Following the entry of judgment, Adams appealed. On the same day he filed his notice of appeal, Adams also filed a series of pro se post-judgment motions, styled as follows: a motion to stay the appeal (ECF

1

No. 312); a motion under Criminal Rule 35(a) and 18 U.S.C. § 3582(b)(2) to correct errors in his sentence (ECF No. 313); a motion for relief from judgment under Civil Rules 60(b)(1), 60(b)(4), and 60(b)(5) (ECF No. 314); a motion for supplemental pleading under Civil Rule 15 (ECF No. 315); and a motion for a new trial under Criminal Rule 33(b)(2) (ECF No. 316).

In an order entered on March 25, 2022, the Court denied all but Adams's motions to correct his sentence and for a new trial. ECF No. 322. It stayed resolution of those two motions pending a decision on Adams's appeal. *Id.* As the order explained, the Court believed that Adams's notice of appeal had deprived it of jurisdiction over the post-judgment motions.

On October 6, the United States Court of Appeals for the Sixth Circuit remanded Adams's case with instructions to decide the two stayed motions. No. 22-1207 (6th Cir. Oct. 6, 2022). In accord with those instructions, the Court now resolves the pending motions.

## II. Motion to Correct Sentence

The Court will begin with Adams's motion to correct his sentence under Criminal Rule 35(a) and 18 U.S.C. § 3582(b)(2). ECF No. 313.

Section 3582(b)(2) of Title 18 does not provide an independent procedural vehicle for sentence correction but explains that, notwithstanding the entry of a final judgment in a criminal case, a sentence may be modified under Criminal Rule 35(a) or by appeal to a circuit court. Rule 35(a), in turn, provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from

2

arithmetical, technical, or other clear error." It confers "extremely limited" authority to correct sentencing errors and "is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence … [or] to reopen issues previously resolved." *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006) (internal quotations omitted).

In his motion, Adams argues that the Court abused its discretion in several ways during sentencing. ECF No. 33. Among other things, Adams says the Court erred when it: sentenced him for a felony, when he was convicted of a misdemeanor, *id.* at PageID.2441; sentenced him in excess of the statutory maximum on the basis of inaccurate information, *id.* at PageID.2438; imposed a sentence greater than necessary, violating the parsimony principle, *id.* at PageID.2440; refused to consider his personal objections to the proceedings, *id.* at PageID.2443; erroneously believed he stipulated to a restitution amount, *id.* at PageID.2459; ignored his mitigating evidence and refused to allow him to make an allocution statement, *id.* at PageID.2442; and failed to recognize that, under *Apprendi* and *Alleyne*, his restitution loss amount and guidelines enhancements needed to be proven beyond a reasonable doubt, *id.* at PageID.2445-47. He asks to be re-sentenced to a term of probation or, alternatively, for dismissal of the indictment. *Id.* at PageID.2471.

All these issues either exceed the scope of the Court's limited authority under Rule 35(a) or are contradicted by the record.

3

First, as both the Court and counsel explained to Adams, he pleaded guilty to conspiracy to commit wire fraud, § 1343, in violation of 18 U.S.C. § 1349. Plea Tr., ECF No. 280, 14:11-15:10; Sentencing Tr., ECF No. 334, 25:19-27:4. The conspiracy statute, § 1349, provides that "[a]ny person who attempts or conspires to commit any offense … shall be subject to the same penalties as those prescribed for the offense." Section 1343, meanwhile, explains that an individual who is found guilty of wire fraud is subject to a fine and up to 30 years' imprisonment. This is a felony. Adams's 48-month sentence was well within the statutory maximum and below the applicable sentencing guideline range. His argument that he was convicted of only a misdemeanor or infraction is unfounded and frivolous.

Second, Adams's disagreement with how the Court chose to weigh his objections and the § 3553(a) factors is not a "clear error" entitling him to Rule 35(a) relief. The record shows that the Court heard and considered Adams's objections, even though he was represented by counsel who had already objected to the PSR on his behalf. Sentencing Tr., ECF 334, 26:20-24. *See Miller v. United States*, 561 F. App'x 485, 488-89 (6th Cir. 2014) (noting that hybrid representation is generally disfavored). The Court explained why it gave little weight to Adams's personal objections and, in evaluating the § 3553(a) factors, explained why it believed the sentence it selected was sufficient but not greater than necessary to accomplish sentencing goals. *Id*. at PageID.2779.

4

Third, the record contradicts Adams's assertions that he did not enter into any agreements regarding loss amounts and that he was not permitted to present mitigating information and allocution statements. At a hearing on July 15, 2021, the parties explained to the Court the contours of an agreement that they reached regarding sentencing and restitution. Evidentiary Hr'g Tr., ECF No. 254, 15:6-18:1. Adams vocalized he understood the terms—*i.e.*, that the restitution amount would be over $1.5 million but not over $3.5 million. *Id.* In any event, at sentencing, after Adams had refused to sign a written agreement stipulating to the loss amount and guidelines, the Court went through the process of calculating his guidelines range and loss amount and addressed his and his counsel's objections to those calculations. Sentencing Tr., ECF No. 334, 20:8-22:11, 38:20-39:2. Adams's counsel made mitigation arguments and, after being permitted to repeat his continuing objections to the loss amount calculation, Adams also made statements in allocution. *Id.* at 24:24-25. On this record, any allegations of procedural irregularities amounting to a "clear error" or a denial of constitutional rights during sentencing are without support.

Finally, Adams's *Apprendi*- and *Alleyne*-based arguments that his sentence was improperly enhanced based on judge-found facts are without merit. None of the facts in the PSR on which the Court relied raised his sentence above the statutory maximum. His sentence remains far below it. *See United States v. Osborne*, 673 F.3d 508, 512 (6th Cir.

5

2012) ("*Apprendi* is not triggered where the defendant receives a term of imprisonment within the statutory maximum that would have applied even without the enhancing factor." (internal citations omitted)). And the Sixth Circuit has rejected the notion that restitution needs to be proven beyond a reasonable doubt. *United States v. Jarjis*, 551 F. App'x 261, 262-63 (6th Cir. 2014) (collecting cases).

Adams's challenges to his sentence do nothing more than attack its substantive reasonableness and rehash arguments the Court has already considered and rejected. These are matters for an appeal, not a Rule 35(a) motion. Accordingly, the Motion to Correct Sentence is **DENIED**.

### III. Motion for a New Trial

Adams also asks for a new trial under Criminal Rule 33(a), asserting that his trial counsel provided ineffective assistance after Adams entered his guilty plea. ECF No. 316.

Rule 33(a) provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Ineffective assistance of counsel may be a ground for such a motion. *United States v. Gilliam*, 2003 WL 22435662, at *2 (6th Cir. Oct. 23, 2003). District courts are afforded broad discretion in deciding these motions. *United States v. Willis*, 257 F.3d 636, 643 (6th Cir. 2001).

The Court understands Adams's request for a new trial to be grounded in what he sees as his lawyer's failure to adequately challenge the amount of his victim's losses. Adams emphasizes that he did not

6

agree to an exact loss amount during the plea colloquy and suggests that the amount was a necessary element of his offense. ECF No. 316, PageID.2542. Further, although he orally agreed to a loss amount at an evidentiary hearing, Adams observes that he refused to sign a more formal, written agreement about the amount. He asserts this shows he did not understand what he had agreed to at the hearing. *Id.* at PageID.2540-41. Pointing to language in affidavits by asset protection analysts attached to the government's sentencing memorandum, Adams further asserts that his lawyer was ineffective for not recognizing prior to sentencing that the government "could not carry [its] burden on the loss amount." *Id.* at PageID.2551-52.

As an initial matter, Rule 33 contemplates situations where a trial has been held. A defendant generally "cannot … use Rule 33 as a wedge to undo his acknowledgement that he committed the offense." *United States v. Slate*, 1999 WL 196559, at *2 (6th Cir. Apr. 1, 1999) (internal quotations omitted); *see also Gilliam*, 2003 WL 22435662, at *2 ("Rule 33 is simply inapplicable in the context of a guilty plea where, by definition, the conviction was not obtained pursuant to a trial."). There was no trial in Adams's case, so Rule 33 is not the proper authority to afford Adams the relief he seeks.

In any event, at the time set by the Court for the evidentiary hearing on the loss amount following Adams's guilty plea, Adams orally agreed that he was responsible for between $1.5 and $3.5 million in

7

losses, rendering the hearing unnecessary. Evidentiary Hr'g Tr., ECF No. 254, 15:6-18:1. Before accepting that agreement, the Court confirmed with Adams and his counsel that Adams understood what he was agreeing to. *Id.* The Court was not persuaded at sentencing and is not persuaded now by his bare assertion that he did not fully understand the nature of that agreement. And, even though Adams and his counsel had agreed to the loss amount, at Adams's bidding, his counsel nevertheless challenged the loss amounts in his sentencing memorandum and during sentencing arguments. ECF No. 278, PageID.1992; ECF No. 334, PageID.2760. The Court was simply not persuaded by his arguments. On this record, it is difficult to see what counsel should have done differently.

A specific amount of loss is not an element of conspiracy to commit wire fraud that need be proven beyond a reasonable doubt for the government to sustain a conviction. Nor need it be alleged in the indictment, as Adams appears to suggest, to establish the Court's jurisdiction to hear the case. It is a consideration reserved for restitution and sentencing guideline calculations. The Sixth Circuit has held that restitution amounts are not jury issues. *United States v. Sawyer*, 825 F.3d 287, 297 (6th Cir. 2016). And in calculating loss amounts under the guidelines, a district court "need only make a reasonable estimate" of the actual and intended losses. *United States v. Nicolescu*, 17 F.4th 706, 719-20 (6th Cir. 2021) (internal quotations and citations omitted).

8

Moreover, the two affidavits to which Adams now points do not support his position that his attorney should have recognized the government could not prove the loss amount. To the contrary, in one of those affidavits, a Walmart representative attests that, although he could not with certainty determine whether Adams or his codefendants were responsible for some of the losses caused, the total value of the fraudulent transactions fell "in the neighborhood of $2,546,079.14" and Adams was "unquestionably responsible for $273,866.09" of that amount. ECF No. 279-2, PageID.2023. In the other, an AT&T representative attests that, as a result of the actions of Adams and his codefendants, AT&T suffered "a total loss of $1,463,898.47" and that Adams was "personally responsible for $83,541.65" of that amount. ECF No. 279-3, PageID.2027-28. Adams offered no evidence rebutting these attestations; the government, meanwhile, supported them with spreadsheets transactions showing purchases by him and his codefendants. *See* ECF No. 200-1.

While it is true that Adams never signed any written agreement—as the parties had originally contemplated—it is equally true that Adams stated in open court that he agreed to the loss amount contained in that written agreement. And the Sixth Circuit has held that a plea agreement need not be written to be valid—even though that is the preferred practice. *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001). At no point prior to or at sentencing did Adams seek to withdraw his guilty

9

plea. And, as noted above, the Court independently calculated the loss amount at sentencing. [1]

Claims of ineffective assistance of counsel are generally best saved for collateral review, where a more complete record can be developed. *Massaro v. United States*, 538 U.S 500, 504-05 (2003). Adams does not marshal any evidence outside the record in support of his motion. And an initial petition for collateral review can create bars to subsequent ones, so the Court will not reconstrue his filing as a motion for collateral relief under 28 U.S.C. § 2255. On the present record, even if Adams were able to use Rule 33 to undo his plea or his sentence, the grounds he sets forth do not support such relief. There was no trial, and the Court cannot conclude that a new trial is warranted. The motion is **DENIED.**

### IV. Motions for Appointment of Counsel and for Release Pending Appeal

As a final matter, the Court notes that Adams filed motions for release pending appeal (ECF No. 346) and a request for appointment of new counsel (ECF No. 349) some months after appealing.

Section § 3143(b) of Title 18 of the United States Code addresses whether a person who has been found guilty of an offense and sentenced

---

[1] The Court notes that, when Adams originally entered his guilty plea, he chose to plead to the charges rather than with the benefit of a written plea agreement. Before accepting his plea, the Court asked Adams to confirm whether he understood that meant the Court would be determining his loss amount and his guidelines range. ECF. No. 280, PageID.2043. Adams did so. *Id.*

to a term of imprisonment should be released pending an appeal. The text of the statute creates a presumption against release and, for release to be permissible, requires a court to find that the appeal is likely to result in reversal, an order for a new trial, a sentence that does not include prison time, or a reduced prison term that is less than the total of the time already served plus the expected duration of the appellate process. Given the record in this case, the Court is unable to make such finding. The motion is thus **DENIED.**

As for Adams's request for counsel, trial proceedings in the district court have closed, and the Sixth Circuit's docket shows he has appellate counsel to assist him with proceedings in that court. The request for new court-appointed counsel in the district court is therefore **DENIED WITHOUT PREJUDICE**.

### V. Conclusion

For the foregoing reasons, Adams's Motion to Correct Sentence and his Motion for a New Trial are **DENIED**. Adams's request for counsel and for release pending appeal are also **DENIED.**

**IT IS SO ORDERED**, this 3rd day of November, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

11